(51 App. Div. 18.)

### MILLER v. VON SCHWARZENSTEIN et al.

(Supreme Court, Appellate Division, Fourth Department. April 24, 1900.)

1. WILLS—CONSTRUCTION.

Testator devised a small pecuniary legacy to his daughter and heir, "notwithstanding her desertion and cruel silence," a homestead to his sister and J., their heirs and assigns, or the one living, should either die; and directed that the income from his residuary estate should be paid to his mother, sister, and J. equally during the mother's life, and, on the death of either the sister or J., the share of the one dying should be divided equally among the survivors, and, on his mother's death, his executor should deliver the residuum to the sister and J. or the survivor. The sister died before testator, and J. subsequent to his death, but before the mother. *Held*, that it was testator's intention to exclude his daughter from sharing in the residuary estate, which vested in J. on testator's death, and passed under her will, though the mother's life interest had not terminated at her death.

2. SAME—COSTS.

Where a daughter was joined as a defendant in a suit to construe the will of her deceased father, and appealed from a judgment against her, which was affirmed, she was entitled to costs, since, having been made a party, she was entitled to defend her rights.

Appeal from trial term, Wyoming county.

Action by James L. Miller, as executor of the estate of James M. Davidson, deceased, against Maude Davidson Von Schwarzenstein and others for the construction of a will. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

The judgment determined that the defendant Von Schwarzenstein was not entitled to any part of the residuary estate of one James M. Davidson, deceased, under his last will and testament, but that the same became vested in one Jennie M. Patterson, deceased, immediately upon the death of the testator, and that it passed to the other defendants under her will; also that the power of sale contained in the will survived the death of Cynthia C. Davidson, the devisee of a life estate, and may now be exercised by the plaintiff, the executor and trustee under said will.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

M. E. Bartlett, for appellants.

Irving C. Botsford, for respondent.

McLENNAN, J. The action was commenced in May, 1899, by the executor, to obtain a judicial construction of the last will and testament of James M. Davidson, deceased, who died at Warsaw, N. Y., on the 11th day of January, 1899. The will is dated May 17, 1892, is in the handwriting of the testator, and was admitted to probate by the surrogate's court of Wyoming county on the 11th day of April, 1899. The testator left no widow, but left, him surviving, the defendant Maude Davidson Von Schwarzenstein, his only child and heir at law.

The provisions of the will which in any manner bear upon the questions involved upon this appeal are as follows:

"Third. I hereby give, devise, and bequeath to my dear daughter Maude Roosevelt Davidson bond No. thirty-six (36) of the Farmers' Canal Company, Scott's Bluffs Co., Nebraska, notwithstanding her cruel desertion and continued silence since June, 1889.

"Fourth. I hereby give, devise, and bequeath to my sister Mary J. Patterson, and to her daughter Jennie M. Patterson, their heirs and assigns, forever, equally, share and share alike, or to the one living should either die, all my right. title, and interest in the homestead at Warsaw, N. Y., requesting that mother shall always have a home therein with them.

"Fifth. I hereby give, devise, and bequeath to my dear mother, Cynthia C. Davidson, all ready money, money in banks, U. S. pension money due me, and money due on accounts, of which I may die possessed, to be applied for her support and maintenance as may be by my executors and trustees deemed best and most conducive to her comfort and happiness.

"Sixth. I hereby give, devise, and bequeath the income from all my life insurance, and all the rest, residue, and remainder of my property, both real and personal, to my dear mother, Cynthia C. Davidson, my sister Mary J. Patterson, and her daughter Jennie M. Patterson, to be paid them quarterly by my executors and trustees equally, share and share alike, so long as my mother shall live; and, upon the death of either of the above-named parties, her share shall be equally divided among the remaining, provided that in the event of my mother's death my executors and trustees are directed to deliver in fee simple to my sister Mary J. Patterson, and her daughter Jennie M. Patterson, equally, share and share alike, or, in the event of the death of either of them, to the remaining one, the entire estate held in trust by them.

"Seventh. I hereby empower my executors and trustees to convert into cash any or all real estate or personal property included in section sixth of this will, if deemed advisable by them, and to reinvest the same, to the end that the most income possible may be derived from the property while held in trust by them."

By the eighth clause of the will, the plaintiff, James L. Miller, and Frank S. Miller were named as executors and trustees of the will. Frank S. Miller died before the testator, and letters testamentary were granted to the plaintiff as sole executor. He duly qualified, and is acting as such. The testator's sister Mary J. Patterson, mentioned in the will, died intestate on the 16th day of April, 1893, several years before the testator, leaving no husband, but leaving, her surviving, Jennie M. Patterson, mentioned in the will, her only child and heir at law. Jennie M. Patterson died on the 22d day of January, 1899,

11 days after the death of the testator, being then about 38 years of age, and unmarried, leaving a last will and testament, which was duly admitted to probate by the surrogate's court of Wyoming county, the county where she resided at the time of her death, and letters testamentary were duly granted thereon to the plaintiff in this action as sole executor. The defendant Flora Davidson, who is the wife of Franklin Davidson, a brother of the testator, James M. Davidson, and the defendants Mary Carlyle, Edward Davidson, Catherine Davidson, and William J. Davidson, children of Franklin Davidson, were made the residuary legatees and devisees of Jennie M. Patterson under her said will. Cynthia C. Davidson, mentioned in the will, was the mother of the testator. She died intestate on the 10th day of March, 1899, after the death of the testator, and after the death of Jennie M. Patterson, leaving no husband, but leaving, her surviving, the defendant Franklin C. Davidson, a son, and the defendant Maude Davidson Von Schwarzenstein, the daughter of the testator, her only heirs at law and next of kin. The controversy upon this appeal is between the defendant Maude Davidson Von Schwarzenstein, the daughter and sole heir at law of the testator, and the defendants the wife and children of Franklin C. Davidson, the residuary legatees and devisees under the will of Jennie M. Patterson, deceased, and arises over the construction of the sixth clause of the will of the testator, James M. Davidson.

It is urged on behalf of the daughter that, Jennie M. Patterson having died before Cynthia C. Davidson, the defendant's mother, who was entitled to the income of the estate during life, and before the time had arrived for its distribution, the corpus of the estate described in the sixth clause of the will never vested in her; that as to that portion of the estate the testator died intestate; and that his daughter, as his sole heir at law, is entitled to inherit the same. The other defendants contend that their testatrix, Jennie M. Patterson, became vested with the corpus of such estate immediately upon the death of the testator, James M. Davidson, and that it passed to them under her will. By the third clause of the will of the testator, the defendant Maude Davidson Von Schwarzenstein was devised one bond, which concededly did not exceed in value $100, and it is apparent from the language employed that the testator did not intend that she should have any additional or other part or portion of his estate. It is only necessary to ascertain whether the language of the sixth clause of the will is such as to make effectual such intent and purpose. By that clause the testator first provided that the income from the residue of his estate should be paid to his mother, his sister, and her daughter, share and share alike, during the lifetime of the mother, and that, upon the death of either the sister or her daughter, the share of the one dying should be divided equally among those surviving. It is then provided that upon the death of the mother the entire residuum shall be delivered in fee simple by the executor to the sister Mary J. Patterson, and her daughter Jennie M. Patterson, share and share alike, or, in case of the death of either of them, to the one surviving. Neither survived the testator's mother. If Jennie M. Patterson had survived the mother, she hav-

ing survived the testator, her right to take the corpus of the estate could not be questioned. Does the fact that the life interest of the mother had not terminated when Jennie M. Patterson died result in intestacy as to the major part of the testator's estate?

The rule is well settled that a very clear intention must be indicated to postpone the vesting under a residuary bequest, if intestacy is to result, or such may be its effect. Jarm. Wills, p. 822, and cases cited. Another rule, equally well settled, is that the intent of the testator should be the guiding and controlling rule of interpretation in the construction of wills. Lytle v. Beveridge, 58 N. Y. 592; Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928. As we have seen, in the case at bar the intention of the testator to prevent his daughter from taking any of his residuary estate is clearly indicated by the third clause of the will, and such purpose can only be made effectual by holding that the corpus of the residuary estate vested in Jennie M. Patterson upon the death of the testator. That such result was intended by the testator is further evidenced by the language employed in the fourth clause of the will. By that clause he devised to his sister and her daughter, their heirs and assigns, forever, "or to the one living should either die," his homestead in the village of Warsaw. Those words, we think, clearly referred to a death in the lifetime of the testator, and throw some light upon the intent of the testator by the use of similar words in the sixth clause. The testator made no gift of the corpus of his estate to his executors, and made no provision for the remainder, if the contention of the appellant is to prevail, and the result would be practically intestacy, and the happening of the very thing which the testator sought by the execution of the will to prevent,—the falling of his estate into the hands of his daughter, "notwithstanding her cruel desertion and continued silence since June, 1889."

In Moore v. Lyons, 25 Wend. 119, at page 144, it was said by Chancellor Walworth:

"A remainder is not to be construed as contingent in any case where it may be construed to be vested, consistently with the intention of the testator. The adverbs of time, therefore, such as 'when,' 'then,' 'after,' 'from and after,' etc., in a devise of a remainder limited upon a particular estate determinable on an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of its vesting in interest."

In Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890, at page 502, 154 N. Y., and page 892, 48 N. E., the court says:

"Moreover, the general policy of the law favors a construction which includes the vesting of estates, and consequent certainty in respect to the title to property, and which prevents the disinheriting of the issue of a remainder-man who may die during the existence of a precedent estate. This principle is based upon the idea that, in the absence of express words, it cannot be supposed that such was the intent."

In that case the will of the testator, who left a wife and children surviving, devised a life estate in his real property to his wife, and provided that from and after her decease the property should be disposed of according to the statutes governing the descent of real

property. It was held that the heirs of the testator upon his death took a vested remainder in his real property. Livingston v. Greene, 52 N. Y. 118.·

In Manice v. Manice, 43 N. Y. 303, Judge Rapallo says:

"The court never construes a limitation into an executory devise when it may take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested."

While the general rules above stated would seem to amply justify the decision of the learned trial court, many cases involving the construction of wills may be cited, decided by the highest courts of this state, in which the language construed is so similar to the language employed in the will in question as to make the decisions decisive of the question here involved.

In Embury v. Sheldon, 68 N. Y. 227, by his will E. gave the residuum of his estate to his executors in trust, to receive the rents and profits during the life of his son J., and to pay over the same in equal proportions to his four children, J., A., D., and P. Upon the death of J., one-fourth of the corpus of the estate was given to J.'s children, and the other three-fourths to the testator's other three children, share and share alike. D. died after the testator, but before J. It was held that upon the death of the testator D. took an absolute vested remainder in the residuary estate.

In Re Mahan, 98 N. Y. 372, E. by her will gave her property to her executors in trust, the income to be paid to her mother during her life, and gave the residue to her three children, "the survivor or survivors of them." Two of the children died after the testatrix, but before the death of the mother. The court held that upon the death of the testatrix they each became vested with a one-fourth share of the residuary estate.

In Re Embree, 9 App. Div. 602, 41 N. Y. Supp. 737, affirmed in 154 N. Y. 778, 49 N. E. 1096, the testator gave all his property to his executors in trust, first to pay the net income to his wife, and upon her death to any children of the testator,·if any, and, if he died without issue, to transfer all the property to the children of his brother. The testator died with issue, and it was held that upon his death his brother's children living at that time became vested with the estate, and that distribution was postponed merely to let in the life estate of the widow.

Substantially the same rule is laid down in Van Axte v. Fisher, 117 N. Y. 401, 22 N. E. 943; In re Gardner, 140 N. Y. 122, 35 N. E. 439; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Brown, 154 N. Y. 313, 48 N. E. 537; Canfield v. Fallon, 43 App. Div. 561, 57 N. Y. Supp. 449. We think the cases cited by the learned counsel for the appellant in no manner conflict with the authorities above referred to. It follows that the judgment appealed from should be affirmed.

The action was commenced by the executor, and the defendant Maude Davidson Von Schwarzenstein was made a party. She had a right to appear and answer, and make such defense as she has, for the protection of· her rights. It is therefore concluded that the plaintiff and the defendant Maude Davidson Von Schwarzenstein

should each recover the costs of this appeal, payable out of the estate.

Judgment affirmed, with costs to the plaintiff and to the appellant Maude Davidson Von Schwarzenstein, payable out of the estate. All concur.