(36 Misc. Rep. 441.)

ROOSEVELT et al. v. PORTER et al.

(Supreme Court, Special Term, New York County.  December, 1901.)

**1. FOREIGN WILLS—PROBATE—JURISDICTION—APPEARANCE OF PARTIES—TRUSTS.**
Where a nonresident's will, bequeathing his residuary estate to executors and trustees for his wife for life, was probated in New York, and the greater part of the estate, together with the executors and all the parties in interest, were located in New York, and after the death of the widow such parties appeared and answered an action brought by the executors to construe the will, the supreme court has jurisdiction of such action, and to allow the accounts of the executors, though there is no trust performable after the widow's death.

**2. SAME—CONSTRUCTION.**
Where a testator bequeathed the remainder of his estate to nephews and nieces, specifically named, excluding one nephew and his issue, together with two brothers living when the will was made, and the will was not changed on the death of a nephew and a niece before the death of the testator, the will must be construed as an effectual disposition of the testator's entire estate, the nephews and nieces taking as a class, and those of them who died after the testator, before the widow, took vested shares, and those who died before the testator took nothing, their shares going to the survivors of the class.

Action by W. E. Roosevelt and another, executors under the will of Cornelius V. S. Roosevelt, against S. G. Porter and others, to construe a will.  Judgment rendered.

George C. Kobbe and George G. De Witt, for plaintiffs.
George M. Van Hoesen, for defendant Robert B. Roosevelt.
Philip L. Wilson, for defendants Marie G. Mensing and another.
Frank Barker, guardian ad litem, for Elfreide G. Mensing.
Latham G. Reed, guardian ad litem, for Dorothy Reed.
Meredith Hare, guardian ad litem, for Anna E. and Gracie H. Roosevelt.

LAWRENCE, J.  This action is brought by the executors and trustees of the last will and testament of Cornelius V. S. Roosevelt, deceased, for the purpose of procuring a judicial settlement of the account and proceedings by such executors and trustees since April 1, 1894, and to obtain a construction of the meaning and effect of said will in regard to various questions which have arisen in respect thereto.  The testator died on the 30th day of September, 1887, being at the time of his death a resident of the state of New Jersey, and leaving a last will and testament bearing date March 6, 1884, the construction of which is prayed for in this action.  By the first clause of his will the testator gives to his wife, Laura H. Roosevelt, absolutely and forever, all his household furniture and utensils, silver and plated ware, and various articles of personal property therein mentioned.  By the second clause he devises and bequeaths "all the rest, residue, and remainder of all my estate, real and personal, unto my executrix and executors hereinafter named, or to those of them who shall qualify and act as such, in trust to receive and collect the rents, issues, and income of my estate, and to pay over the same to my said wife

during her natural life." He then authorizes his executrix and executors to lease his real estate, or any part thereof, for a term not exceeding 20 years, and to alter, repair, improve, and build upon said real estate, or any part thereof, and to use so much of the principal "of my estate as may be necessary for those purposes." He further authorizes his executors to sell and convey his real estate, or any part thereof, at such time, in such manner, and upon such terms as to them shall seem proper and for the best interest of his estate, and, in case of a sale during the lifetime of his wife, to invest the proceeds of such sale or sales and keep the same invested in other real estate, or in bond and mortgages, or in certain bonds and stocks therein named. By the third clause of his will, on and after the decease of his wife, he directs his executors to pay annuities, and he gives and bequeaths annuities of the amounts therein named to be paid yearly to certain persons during their respective lives, and, among others, to his sister-in-law, Marie Geddes Mensing, an annuity of $5,000, and to each of her children, Laura Roosevelt Mensing and Elfreide Grosvenor Mensing, an annuity of $5,000. He then directs that, in case "any one of the three last-named annuitants, namely, Marie Geddes Mensing, Laura Roosevelt Mensing, and Elfreide Grosvenor Mensing, shall die either before or after the decease of my said wife, I direct my executors to pay and I bequeath to each of the two survivors of them an annuity of $7,500, and, in case any two of them shall die either before or after the decease of my said wife, I direct my executors to pay and I bequeath to the last survivor of them an annuity of $15,000." The fourth clause of the will is as follows:

"On the decease of my said wife, I do give, devise, and bequeath all my estate, real and personal, subject to the payment of the said annuities, to my nephews and nieces, Alfred Roosevelt, W. Emlen Roosevelt, Mary E. Roosevelt, Leila Roosevelt Schuyler, Theodore Roosevelt, Anna L. Roosevelt, Elliott Roosevelt, Corinne Robinson, John E. Roosevelt, James West Roosevelt, Hilborne L. Roosevelt, and Frank Roosevelt, to be equally divided between them, share and share alike, and I do declare and direct that no part of my estate shall in any event pass to or be paid over or received by Cornelius Roosevelt or his issue, and I do hereby exclude him and his issue from having or receiving any share of my estate."

It is in respect to these clauses that the questions have arisen which the plaintiffs seek to have determined in this action. Marie E. Roosevelt and Hilborne L. Roosevelt, mentioned in the fourth clause of the will, died before the testator, and since his death Alfred Roosevelt, Elliott Roosevelt, Frank Roosevelt, and J. West Roosevelt have departed this life. Laura H. Roosevelt, the widow of Cornelius V. S. Roosevelt, died subsequent to those persons, on the 20th of March, 1900. Hilborne L. Roosevelt left one child, Dorothy Roosevelt, who is his only heir at law and next of kin. All the parties to the action are of full age, except Dorothy Roosevelt, Elfreide Grosvenor Mensing, Anna E. Roosevelt, and Gracie H. Roosevelt, the last two being children of Elliott, deceased.

It is objected by the counsel for the infant Dorothy Roosevelt that this court has no jurisdiction in this action, as one to construe a will, for the reason that the testator resided in New Jersey, and

also because it does not disclose a trust which the executors and trustees are to execute after the death of the widow. I do not think that this contention is sound. The greater portion of the estate, both real and personal, was located in the city of New York, the executors resided here, and the will was probated here, and all the parties interested in the administration reside here, and have appeared and answered. Having administered the trust, which terminated with the death of the widow of the testator, and claims being made upon the executors as to the distribution of the property remaining in their hands at the expiration of that trust, it seems to me that they have a right to apply to the court for an interpretation of the will in connection with their accounting, so as to enable them to ascertain what they are to do with that property. Assuming that the court has jurisdiction to construe the will, as well as to pass the accounts of the executors, I am of the opinion that it was the intention of the testator by the fourth clause of his will to designate a class of nephews and nieces to take all his estate, real and personal, upon the death of his wife, subject to the payment of the annuities mentioned in the third clause of the will; and that as two of the persons named in that clause of the will have predeceased him, to wit, Marie E. Roosevelt and Hilborne L. Roosevelt, the portion or share which they should have taken goes to the ten survivors, subject to the charge of the annuities. I have reached this conclusion because I think it was plainly the intention of the testator not to die intestate as to any part of his property, and it was necessary for him to distinguish those to whom he wished to give his estate from those he desired to exclude, and therefore they were named individually. He declared in the plainest terms that Cornelius Roosevelt, who was one of his nephews, and a brother of some of those who were named in that clause of the will, should, in no event, share in his estate; and the case is brought, it seems to me, within the case of Hoppock v. Tucker, 59 N. Y. 202, 208. In that case Church, C. J., says: "An intent inferable from the language of a particular clause may be qualified or changed by other portions of the will, evincing a different intent. The substance and intent, rather than words, are to control. L. R. 8 Eq. Cas. 52–58. The intention of the testator is the first and great object of inquiry, and to this object technical rules to a certain extent are made subservient" (4 Kent, Comm. 534; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322); and it was accordingly held in that case that, although the general rule is that where there is a bequest to certain parties, who were named, share and share alike, such parties take individually, and not as a class, yet where, from the whole language of the will, it can be ascertained that the testator desired that the individuals thus named should take as a class, the court will so determine. See, also, Page v. Gilbert, 32 Hun, 302. This view is, I think, also strengthened by the fact that, although the testator had two brothers living at the time the will was executed, he omits them as participants in the division of his estate, and confines his bounty solely to certain nephews and nieces (among them the children of his two surviving brothers), whom he was obliged,

as already stated, to name individually, for the purpose of excluding another nephew from sharing in the estate. Furthermore, it is well settled that, where a general rule of construction and the intention of the testator conflict, the intention will prevail, notwithstanding the technical rule. In re James, 146 N. Y. 78, 100, 101, 40 N. E. 876, 48 Am. St. Rep. 774; Lytle v. Beveridge, 58 N. Y. 592; Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816; Miller v. Von Schwarzenstein, 51 App. Div. 18, 22, 64 N. Y. Supp. 475. The fact, too, that the testator knew that Marie E. Roosevelt and Hilborne L. Roosevelt had died, the former two years and the latter about one year before him, and that he did not make any change in his will, I regard as strong evidence of the fact that he believed and intended that his existing will should cover, and already covered, his entire estate. In Re Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945, there was no intervening life estate, and the devise was direct to the sisters named, without any qualifying or restrictive words. It does not appear from the report in that case that there were other sisters or brothers of the testator, nor that any reason existed in that case, as in this, for the testator's naming the sisters individually, so as to exclude others who bore the same relation to him. The Case of Kimberly does not in terms overrule the case of Hoppock v. Tucker, 59 N. Y. 202, and, as I think it is distinguishable from the latter case for the reasons stated, I shall follow the Hoppock Case for the purpose of effectuating what I believe to have been the intent of the testator. Furthermore, it seems to me that the case is within one of the exceptions to the general rule recognized by Vann, J., in delivering the opinion of the court in the case of Moffett v. Elmendorf, 152 N. Y. 485, 46 N. E. 847, 57 Am. St. Rep. 532, in which he says:

"We think that by naming the devisees, and giving an equal share to each, without the use of any word applying strictly to a class, or anything requiring a class to satisfy the scheme of the will, the testator intended to make the beneficiaries of that clause tenants in common, and that they should take distributively and not collectively."

Here the scheme of the will, as I view it, will be defeated if the clause in question is not construed as designating the nephews and nieces as a class. The effect of a different determination will be to allow Cornelius Roosevelt, the nephew whom he desired to exclude, to inherit a portion of his estate. The provision as to Cornelius should, I think, be construed as a qualification of the general language of the clause, and as showing that the testator intended, in the event of the death of either of the nephews or nieces named before the testator, the estate should be divided between the survivors. As to the four nephews and nieces who died after the testator and before the widow, I am of the opinion that they took a vested interest, subject to the widow's life estate, and subject to the charge of the annuities, and that upon their deaths their interest passed to their representatives; and on the evidence before me the law of the state of New Jersey is the same as that of this state in that respect. The point which was made by the guardian for the infant Dorothy Roose-

velt that she took as substituted legatee by virtue of the statute of
New Jersey, which was proven upon the trial, cannot be sustained,
for the reason that her father, Hilborne L. Roosevelt, died December
30, 1886, and that statute was passed in March, 1887. That said
act applied only to the case of a devisee or legatee who died after the
passage of the act was decided in Murphy v. McKeon, 53 N. J. Eq.
406, 32 Atl. 374, in which case the chancellor says:

"I think that the true interpretation of the words 'shall die,' as used in our
statute with reference to the devisee, is that they speak of his death after
the statute shall have taken effect. It is impossible to give those words
retrospective operation. Their meaning clearly has reference to the future;
and, as determined in Winter v. Winter, that future is not after the making
of the devise, but after the taking effect of the statute. My conclusion is
that the statute of 1887 is not applicable to the case in hand, because Hugh
Murphy did not die (pages 412, 413) after that act had taken effect."

See, also, the testimony of Mr. Speer, of the New Jersey bar.

The annuities which are given to the defendants Mensing are at-
tacked on the ground that they unduly suspend the power of aliena-
tion of real estate or the absolute ownership of personal property
belonging to the testator's estate, or create a trust not authorized by
the laws of this state, being for more than two lives in being at the
time of the death of the testator. There is no trust in terms created
by the will except for the widow, and upon her death the trust ceases;
and I agree with the counsel for the plaintiffs that the entire estate
is given to the nephews and nieces named in the will as a class abso-
lutely, subject to the charge of the annuities; that these annuities are
but legacies, payable annually, and may be assigned or released by
the annuitants. Lang v. Ropke, 5 Sandf. 363; Radley v. Kuhn, 97
N. Y. 27. And, such being the case, they are not amenable to the
criticism that the power of alienation is suspended during the lives
of all the annuitants. See, also, Matthews v. Studley, 17 App. Div. 303,
45 N. Y. Supp. 201, affirmed by court of appeals, 161 N. Y. 633, 57 N.
E. 1117; In re Tilford, 5 Dem. Sur. 524. In any event, the annui-
ties to the Mensings are good for the life of each of the annuitants
to the extent of $5,000. The amount given to each of them is a sepa-
rate and distinct gift, and, even if the provisions for an increase as to
the surviving annuitants or annuitant upon the death of one or two
of them is in contravention of the statute, which the court does not
concede, the legal can be separated from the illegal provisions, and
it is premature now to pass upon a contingency which has not arisen.
So far as the real estate in New Jersey is concerned there can be no
doubt that the provision for the payment of the annuities does not
contravene the law of that state for the reason that it appears by the
evidence of Mr. Wallis that no laws have been passed in New Jer-
sey changing the common law as to perpetuities either as affecting
real or personal property, and that the disposition of property can
be suspended during any number of lives in being at the death of the
testator and twenty-one years thereafter. The testimony given by
Mr. Wallis as to the law of New Jersey is sustained by the case of
Stout v. Stout, 44 N. J. Eq. 479, 15 Atl. 843. As the testator was a
resident of the state of New Jersey the validity of the annuities as a

charge upon his personal property must be determined by the law of that state, although the will has been probated here. Cross v. Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R. A. 606, 27 Am. St. Rep. 597. In that case it was determined that the testamentary disposition of the personal property made in and by a resident of another state lawfully valid at the place of the testator's domicile, and which would be invalid if the will had been one governed by the laws of this state, must be governed by the law of the state in which the testator resided. In that case the will of a resident of Rhode Island created a trust in personal property to be administered in this state for the benefit of residents therein, the trustee being a New York corporation, which trust was in contravention of the statute of this state against perpetuities, and where, pursuant to the directions of the will, the trust fund was deposited with the trustee in this state, and yet it was held that the validity of the trust was to be determined by the laws of Rhode Island, and, it being valid under those laws, an action was not maintainable here to have it declared invalid. See, also, Dammert v. Osborn, 140 N. Y. 30, 35 N. E. 407. I am, therefore, of the opinion that the objections which are urged against the annuities are not valid on the ground that they suspend the power of alienation or create a trust in violation of the statutes of this state, which are relied upon by the counsel for the defendants, who contest their validity. They are clearly valid, under the laws of the state of New Jersey, both as to real and as to personal property. I am also strongly inclined to the opinion that the questions which are sought to be litigated in this action by those who challenge the validity of the portions of the will which have been under discussion are res adjudicata, for the reason that in the action brought by Robert B. Roosevelt, one of the brothers of the deceased, in this court, against the executors, trustees, legatees, heirs, and next of kin of the deceased, demanding that his share and interest in the estate of the testator should be ascertained and adjudged, and asking for the construction of the will, in which all the parties to this action were present, judgment was entered dismissing the complaint, with costs, November 7, 1888, which judgment was affirmed by the general term on April 10, 1889. 4 N. Y. Supp. 901. The plaintiff's attorney, upon the settlement of the order dismissing his complaint, requested of the justice at special term that the order read as follows: "And it is further ordered that neither the judgment on this order nor the judgment appealed from and hereby affirmed shall be a bar to any other action between the parties to this action for the determination of the plaintiff's interest in the estate of the testator, or for the construction of the will of the testator,"—which application was denied. It also appears that the plaintiff subsequently made a motion for leave to amend the judgment entered upon the demurrer and the order on which said judgment was entered by adding thereto a provision permitting plaintiff to amend his complaint by adding additional and further allegations as he might be advised, and to serve such amended complaint, or by adding thereto a provision substantially as follows: "This action and judgment shall not be a bar to

any other or further action or proceeding to be commenced or instituted by plaintiff for the protection, preservation, or recovery of any share or interest to which he may be entitled in the real or personal property of which Cornelius V. S. Roosevelt died seised,"—which motion was denied, and an order was entered denying said motion, with costs, on June 3, 1889. The questions which were presented in that case in regard to the validity of the will were the same as those which are presented here, and under such circumstances it would seem that the matters are res adjudicata. I do not, however, deem it necessary to rest my decision in this case upon that point, and I am of the opinion, therefore, that the executors are entitled to the judgment they seek, to wit, that their accounts under the will to October 1, 1900, as filed, be passed, approved, and judicially settled; that on the death of Cornelius V. S. Roosevelt the ten surviving nephews and nieces took a vested remainder in and to all his real and personal estate, subject to the payment of the annuities given by the third clause of his will, and to the provision for his wife, Laura H. Roosevelt; that the trust for Laura H. Roosevelt terminated with her death on March 20, 1900; that the annuities given in and by the third clause of the will are valid, and date from the time of the death of Laura H. Roosevelt, and that none of them create an unlawful suspension of the power of alienation; and that the plaintiffs are entitled to costs and an allowance to be paid out of the estate.

Draw decision and judgment in accordance with these views, and settle upon three days' notice. Judgment accordingly.