GREGORY *v.* TOMPKINS.

1. WILLS—INTERPRETATION.

> The primary object in the interpretation of a will is to ascertain, if possible, the intent of the testator, and give effect to it.

2. SAME.

> A will should be so construed as to give effect, if possible, to every part of it.

3. SAME.

> A testator devised land to S., and charged her with the payment of $2,000 to A. To A. he gave $3,000, to be paid as soon as the estate was settled; $2,000 of it to be paid out of the share of S., and the balance out of any portion of the estate not specially devised. He directed his executors to use $2,500 to buy a home for A. within a reasonable time after his death, and to pay over to the parties entitled thereto the property left by him. *Held*, that A. was entitled to both $3,000, and $2,500 to be invested in a home.

Appeal from Wayne; Donovan, J. Submitted January 7, 1903. (Docket No. 11.) Decided January 27, 1903.

Bill by Fred E. Gregory, surviving executor of the last will and testament of William Ten Eyck, deceased, against Anna M. Tompkins, Maria B. Sloss, and Sarah Tompkins, for a construction of said will. From a decree for defendant Anna, complainant and the other defendants appeal. Affirmed.

*Orla B. Taylor*, for complainant.

*Ralph Phelps, Jr.*, for defendants Sloss and Sarah Tompkins.

*Rowland M. Connor*, for defendant Anna M. Tompkins.

MOORE, J. The bill of complaint is filed in this cause to obtain a construction of paragraph 7 of the will of Wil-

liam Ten Eyck, deceased. He left an estate aggregating about $235,000, which he disposed of by the will which is to be construed. Mr: Ten Eyck was an old man when he died. His heirs at law are a niece 17 years old, a nephew 50 years old, and five sisters, the youngest of whom is 64 years old, and the oldest 80 years old. A sister of Mr. Ten Eyck married Daniel D. Tompkins after the death of his first wife, who was the mother of Daniel D. Tompkins, Jr. This son married Anna M. Tompkins. He died in .1896, leaving a widow, Anna M. Tompkins, the defendant, and three minor children. The defendants Maria B. Sloss and Sarah Tompkins are the residuary legatees under the will. After the provisions of the will are carried out, they will each receive upwards of $75,000.

Those parts of the will which are necessary to an understanding of the case read as follows:

"*Fifth.* I give and devise * * * the next eighteen and three-quarters (18¾) feet to Sarah Tompkins, and the remaining thirty-seven and one-half (37½) feet to Maria B. Sloss; and I do hereby charge the said Sarah Tompkins, and the eighteen and three-quarters (18¾) feet given to her, with the payment of the sum of two thousand ($2,000) dollars, to be paid to Anna M. Tompkins, as hereinafter provided. * * *

"*Seventh.* I give and bequeath to Anna M. Tompkins, widow of Daniel D. Tompkins, Jr., deceased, the sum of three thousand ($3,000) dollars, to be paid as soon as my estate is settled, two thousand ($2,000) dollars of said sum to be paid out of the share of Sarah Tompkins, as hereinbefore provided, and the balance of one thousand ($1,000) dollars to be paid out of the portion of my estate not especially devised or bequeathed to any person; and I direct that my executors shall use the sum of twenty-five hundred ($2,500) dollars for the purpose of buying a home for the said Anna M. Tompkins, the same to be purchased within a reasonable time after my death. * * *

"*Fifteenth.* I do hereby nominate and appoint as executors of this, my last will, my friends Fred E. Gregory, of Dearborn, and William Daly; * . * * and I direct my said executors, or the survivor of them, to pay over to the parties entitled thereto the property left by me."

Counsel are agreed there is but one question in the case, and that is, Does the seventh paragraph of testator's will give to Anna M. Tompkins $3,000 in cash, and, in addition thereto, $2,500, to be converted into a home by the executors, or does it give her only $3,000, and direct the executors to purchase the $2,500 home out of the $3,000 ? The circuit judge construed the will to give to Mrs. Tompkins not only the $3,000 in cash, but $2,500 to be invested by the executors in a home for Mrs. Tompkins. From that decree the surviving executor and defendants Maria B. Sloss and Sarah Tompkins have appealed, claiming that the $2,500 invested in a home should be taken from the $3,000, leaving but $500 to be paid over to Mrs. Tompkins.

The following principles of law are well recognized in this State:

"The primary object in interpreting a will is to reach, if possible, the intent the testator had in mind, and give effect to it. *Rock River Paper Mill Co.* v. *Fisk,* 47 Mich. 212 (10 N. W. 344).

"The whole will is to be taken together, and is to be so construed as to give effect, if possible, to every part. *Thurber* v. *Battey,* 105 Mich. 718 (63 N. W. 995); *Gadd* v. *Stoner,* 113 Mich. 689 (71 N. W. 1111); *Smith* v. *Jackman,* 115 Mich. 192 (73 N. W. 228)."

They do not, however, afford very much aid in construing this will.

Without discussing very much in detail the reasons which lead us to the conclusion, we are of the opinion the circuit judge gave a right construction to the provisions of the will. It will be observed that by paragraph 5 of the will Mr. Ten Eyck devised to Sarah Tompkins certain real estate, and charged her, and the real estate devised, with the payment of $2,000, to be paid to Anna M. Tompkins as thereinafter provided. By paragraph 7 he gives and bequeaths her the sum of $3,000, to be paid "as soon as my estate is settled, $2,000 out of the share of Sarah Tompkins, and the balance of $1,000 out of the portion of

my estate not especially devised or bequeathed to any person; and I direct that my executors shall use the sum of $2,500 for the purpose of buying a home for the said Anna M. Tompkins, the same to be purchased within a reasonable time after my death." By paragraph 15, executors are appointed, who are directed to pay over to the parties entitled thereto the property left by the testator.

By the provisions of the will, within a reasonable time after testator's death the sum of $2,500 is to be used by the executors for the purpose of buying a home for Mrs. Tompkins. This would indicate the executors are not to wait until the estate is settled before making this investment. In the early part of the paragraph a bequest of $3,000 was made to Mrs. Tompkins, to be paid as soon as the estate was settled. If the testator had intended the executors should deduct from this sum the amount invested in the home, it would have been very easy for him to say so, but he did not do so. He provided generously for the other objects of his bounty. While the case is not free from doubt, we think the circuit judge made a proper disposition of the case.

The decree of the court below is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.