*In re* IVES' ESTATE.

JOHNSON *v.* SKINNER.

1. WILLS—CONSTRUCTION—INTENT.

It is elementary that the primary object in interpreting a will is to ascertain, if possible, the intent which the testator had in mind, and to give effect to it. The whole will should be construed together, so as to give effect, if possible, without violating well-settled rules of law, to every part or provision of it, provided such an effect can be given consistently with the general intention of the testator as ascertained from the whole will.

2. SAME—CODICIL—INTERPRETATION.

The codicil is to be construed with the will as one instrument.

3. SAME—EVIDENCE—PRESUMPTIONS.

There is a presumption, also, that testator intended to dispose of his entire estate by his will and not to die intestate either as to the whole or any part thereof, and the will should be so construed unless the presumption is clearly rebutted by the provisions of the will or by evidence to the contrary.

4. SAME—ESTATES OF DECEDENTS.

Where the testatrix disposed of her property by certain bequests and added a residuary clause stating that she gave all the rest, residue and remainder of her estate, both real and personal, and wherever situated to her three brothers and sisters, an undivided third to each, and one of them later died, to whom the testatrix gave $10,000 by a codicil to the will, and who was mentioned in the original draft of the instrument in a clause which stated that she was sufficiently provided for, and where family history and undisputed circumstances pointed in the same direction, the adopted daughter was not entitled to any share of the residue of the property.

5. SAME — RULES OF INTERPRETATION — DEATH OF BENEFICIARY — EFFECT.

When it is evident from the whole tenor of the will that

testator, in making the gift of an aggregate sum to certain relations, intended to provide for them collectively as a class, the designation of each individual by name, or the use of distributive words, or words denoting equality, will not be held to make the gift operate as a gift of a separate interest to each individual named, which would lapse by his death before the testator.

Error to Kent; McDonald, J. Submitted June 10, 1914. (Docket No. 59.) Decided October 3, 1914.

The probate court for the county of Kent having entered · an order assigning the residue of the estate of Marietta Ives, deceased, Helen Ives Johnson, claiming one-third ·of· such residue, appealed to the circuit court. Judgment was entered in her favor reversing the decree of the probate court and Mary Skinner, as executrix of said estate, and Dwight Skinner bring error. Reversed.

*Travis, Merrick & Warner* and *Jewell & Ewing,* for appellants.

*Wilson & Johnson,* for appellee.

STONE, J. The appellants seek, by writ of error, the reversal of an order of the circuit court which vacated an order of the probate court of Kent county, assigning the residue of the estate of Marietta Ives, deceased, to Wesley Skinner and Dwight Skinner, and which order of the circuit court directed said probate court to enter an order permitting Helen Ives Johnson to share equally in the residue of said estate.

Marietta Ives, a widow, died at the age of about 60 years, upon March 13, 1912, without having had issue. She was the youngest of four brothers and sisters, all of whom lived in Grand Rapids, and none of whom ever had any children. Mrs. Ives was survived by her two brothers, Wesley and Dwight Skinner, but her sister, Hattie Butterfield, died shortly be-

fore her, on January 1, 1912, a widow. Mrs. Ives was also survived by Helen Ives Johnson, an adopted daughter, by adoption proceedings taken by Mrs. Ives and her deceased husband in 1890. Mrs. Ives left a will dated September 12, 1901, and a codicil thereto dated January 24, 1908, both of which were duly admitted to probate. The will, after providing for the payment of debts, and funeral expenses, for the erection of a certain monument and caring for certain burial places, and after a specific bequest of $1,000 to a cousin of testatrix, provided further as follows:

"*Fifth.* After the payment of the above-named debts and expenses and legacies, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, and wherever situated, to my sister, Hattie Butterfield, and my brothers, Wesley and Dwight Skinner; to each an equal undivided one-third.

"*Sixth.* I have not forgotten my adopted daughter, Helen H. Ives, but consider that she is sufficiently provided for already.

"*Seventh.* I appoint Charles E. Ward to be the executor of this my last will and testament."

Mr. Ward acted as attorney for testatrix in the preparation of the will, and was also one of the attesting witnesses thereof.

The codicil, omitting the formal parts thereof, contained only the following provision:

"Four and one-half: I give, devise and bequeath unto my adopted daughter, Helen H. Ives, the sum of ten thousand dollars, to be paid out of my estate at the time of the final settlement thereof: Provided, however, that this bequest is made upon the express condition that my said daughter shall not contest or oppose the probate and administration of my said will, or procure any person to contest the same, or aid in any manner in contesting said will, or in preventing the same being probated and carried out. And in case of any such act or acts on the part of my said

adopted daughter, then the provision above mentioned in her behalf shall be null and void, and the sum of ten thousand dollars above mentioned shall be distributed. according to the provision of said will as it existed prior to the making of this codicil."

Mr. Ward also acted as attorney for testatrix in the preparation of the codicil, and was also one of the attesting witnesses thereof.

The specific legacy of $10,000 to Helen H. Ives, now Helen Ives Johnson, was paid, and the residue of the estate of the deceased consisted of property, most of which was personalty, valued at upwards of $50,000.

In the probate court Helen Ives Johnson, the adopted daughter of testatrix mentioned in the will and codicil, made claim to one-third of the residue of the estate, on the ground that the gift of one-third thereof to Hattie Butterfield, in the will, lapsed upon her death without issue prior to the death of testatrix, and therefore passed to the claimant, sole kin at law of deceased, as intestate property. This claim the probate court disallowed, holding that the interest of Helen Ives Johnson in the estate of deceased was limited to the specific legacy of $10,000, which had been paid, and further holding that Wesley and Dwight Skinner, sole surviving residuary legatees, were entitled to take all of the residue under the will.

From the order thus assigning the residue, claimant appealed to the circuit court, where, upon a trial without a jury, the order appealed from was vacated as above stated. On the trial at the circuit the court admitted, over claimant's objection, but later struck from the record, certain testimony of Charles E. Ward, who prepared the will and codicil, which testimony was offered in behalf of Wesley and Dwight Skinner, and consisted of statements made by the testatrix to the witness prior to the preparation and

execution of the will and codicil, descriptive of her feelings towards the adopted daughter, and her desires in regard to the provisions to be incorporated in her will and codicil. No other facts material to the controversy were disputed at the trial. To explain the record it perhaps should be stated that since the trial of the case Wesley Skinner has died testate, in the said county, and that the said probate court has jurisdiction over all the property of said Wesley Skinner, deceased, including his interest in the estate of said Marietta Ives, deceased.

By appropriate assignments of error, appellants raise two questions which are stated by them in the form of the following propositions asserted by them:

(1) That the residuary clause of the will of Marietta Ives, interpreted in the light of the whole will and codicil, effectually expresses an intent to give all of the residue to the sister and brothers of testatrix, or to such of them as should survive her.

(2) That the trial court erred in excluding from consideration extrinsic evidence tending to show circumstances surrounding the making of the will and codicil, which were necessary to a correct understanding of the terms employed.

We have been greatly aided in this case by the able and exhaustive briefs of counsel upon both sides, as well as by oral arguments. More than three score cases have been cited by counsel having more or less bearing upon the questions involved. We cannot here attempt to review them in detail. An examination of the authorities cited has brought us to the conclusion that the case should be disposed of by the application of a few familiar rules and principles of testamentary construction.

It is elementary that the primary object in interpreting a will is to ascertain, if possible, the intent which the testator had in mind, and to give effect to

it. *Rock River Paper Mill Co.* v. *Fisk,* 47 Mich. 212-221 (10 N. W. 344) ; *Barnes* v. *Marshall,* 102 Mich. 248-255 (60 N. W. 468) ; *Wheeler* v. *Wood,* 104 Mich. 414-417 (62 N. W. 577) ; *Gregory* v. *Tompkins,* 132 Mich. 205 (93 N. W. 245).

Our own cases are numerous to the effect that the whole will should be construed together, so as to give effect, if possible, without violating well-settled rules of law, to every part or provision of it, provided such an effect can be given consistently with the general intention of the testator as ascertained from the whole will. 40 Cyc. p. 1408; *Tewksbury* v. *French,* 44 Mich. 100-102 (6 N. W. 218), and cases cited; *Des Grand Champ* v. *Duflo,* 169 Mich. 104, 105 (135 N. W. 98), and cases cited. Many more of our own cases might be cited to the same effect.

Another rule is that the will and codicil are to be construed together as one instrument. *Dexter* v. *Gordon,* 136 Mich. 235-239 (98 N. W. 1016) ; *Sondheim* v. *Fechenbach,* 137 Mich. 384 (100 N. W. 586).

The presumption is that a testator intended to dispose of his entire estate, and not to die intestate either as to the whole or any part thereof, and the will should be so construed, unless the presumption is clearly rebutted by the provisions of the will or by the evidence to the contrary. 40 Cyc. p. 1409; *Toms* v. *Williams,* 41 Mich. 552-565 (2 N. W. 814) ; *Des Grand Champ* v. *Duflo, supra.*

In the instant case we have not only the presumption to aid us, but we have also the express language of the testatrix, that she intended to give the rest, residue, and remainder of her estate to her sister and brothers.

In *Toms* v. *Williams, supra,* Chief Justice CAMPBELL said:

"It has always been a primary rule of testamentary construction to look to substance rather than form.

Our statutes favor this rule, and also require all intendments to be made to prevent a partial intestacy."

An examination of the will and codicil satisfies us that it was the intention of the testatrix to give to her adopted daughter only the sum of $10,000 upon the terms stated, and to give to her brothers and sister the residue of her property. Not only do the instruments when read together indicate this, but the family history and undisputed circumstances all point in the same direction. The fact that she did not change her will after the death of her sister, Mrs. Butterfield, is a significant circumstance.

We are of opinion that the following claim of appellants is supported by the weight of authority:

"Where it is evident from the whole tenor of the will that testator, in making the gift of an aggregate sum to certain relatives, intended to provide for them collectively as a class, the designation of each individual by name, or the use of distributive words, or words denoting equality, will not be held to make the gift operate as a gift of a separate interest to each individual named, which would lapse by his death before the testator."

See 40 Cyc. p. 1930, and cases cited; *Jackson* v. *Roberts*, 14 Gray (Mass.), 546; *Stedman* v. *Priest*, 103 Mass. 293; *Meserve* v. *Haak*, 191 Mass. 220 (77 N. E. 377) ; *Smith* v. *Haynes*, 202 Mass. 531 (89 N. E. 158) ; *Hoppock* v. *Tucker*, 59 N. Y. 202; *Roosevelt* v. *Porter*, 36 Misc. Rep. 441 (73 N. Y. Supp. 800) ; *Mann* v. *Hyde*, 71 Mich. 278 (39 N. W. 78) ; *Bolles* v. *Smith*, 39 Conn. 217.

At the argument our attention was called by counsel for appellee to *Strong* v. *Smith*, 84 Mich. 567 (48 N. W. 183). We do not think that that case modifies the rule we are considering, but deals with a case falling within the terms of the statute there cited,

which has no application here, as Mrs. Butterfield left no issue. We are of the opinion that, in the disposition of the residue of her property, the testatrix was dealing with a class, under which the survivors take the share of the one who died without issue.

We are not unmindful of the many cases cited by counsel for appellee from other States. The circumstances surrounding the instant case were peculiar and exceptional. Not only was the heir at law an adopted daughter who had in the original will been entirely ignored as a legatee, and when provision was made for her in the codicil it was for a specific sum, upon certain terms therein indicated, but the residuary legatees were the only immediate blood relatives of the testatrix. They constituted a natural and complete class, namely, brothers and sister of the testatrix, and were so referred to in the will.

We recognize the general rule contended for by appellee that, where property is given to several persons by name, to be equally divided between them, they take as tenants in common, and not as joint tenants, or as a class. But the authorities hold, we think, that this rule yields to a different construction when it plainly appears from the will that it was the intention of the testator that the survivors should take the whole. We think that this is such a case, and that for the reasons stated the trial court erred in its conclusion in reversing the action of the probate court.

In our opinion, it is not necessary to go outside of the will and the conceded facts to reach this conclusion, and that it is unnecessary to consider the admissibility of the testimony of Charles E. Ward, as without such testimony the same result should be reached. In other words, we are of opinion that the intent of Mrs. Ives plainly expressed in her will and codicil thereto, and clearly indicated by the general

tenor and scope thereof, was to give $10,000 only to her adopted daughter, and to give the residue to those of her brothers and sister who might survive her.

The judgment of the circuit court is therefore reversed, and a new trial is granted, with costs to appellants against appellee.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.