The facts in this case have been stipulated and are as follows: Thomas Brown, being one of a family which originally included 9 brothers and sisters, died on December 31, 1946, leaving a last will and testament executed on December 18, 1940, which has been duly admitted to probate by the probate court for the county of Oakland. Mrs. Sarah Fitsimmons, a sister of decedent and one of the persons named in the residuary clause of decedent's will, died on April 2, 1943, leaving no issue. Prior to 1940, 6 of testator's brothers and sisters had died. Five of these brothers and sisters left issue who, with appellant Mariah Hamilton, sole surviving sister, are the heirs-at-law of decedent.
The will of Thomas Brown, after providing for the payment of his just debts and funeral expenses, disposed of his estate in language as follows:
"SECOND. I give, devise and bequeath unto my two sisters namely, Mrs. Sarah Fitsimmons, and Mrs. Mariah Hamilton both of Portadown, county of Armagh, Northern Ireland, my estate, each to share and share alike."
The probate judge determined that the language of this paragraph of the will effected a disposition to individuals, and Mrs. Sarah Fitsimmons having predeceased the testator without issue, the residuary bequest lapsed as to one-half of the residue which, accordingly, was assigned to the heirs-at-law *Page 267 
of decedent as intestate property. The cause was appealed to the circuit court where, after due determination, the order of the probate court was affirmed.
Upon appeal, appellant Mrs. Hamilton urges that the language of the above-quoted paragraph of the will effects a disposition to a class; and that appellant as the sole member of such class at the date of testator's death is entitled to the entire residue of the estate.
The primary rule of construction of wills is well stated inDetroit Trust Co. v. Stoepel, 312 Mich. 172:
"The primary rule of construction of wills is to ascertain the true intention of the testator and such intention must be ascertained from a consideration of all the provisions of the will in the light of the circumstances surrounding the testator at the time the will was made (Kirsher v. Todd, 195 Mich. 297) ."
In determining whether a class gift was created we must look to the intention of the testator.
In 57 Am. Jur., it is stated:
"The only universal rule for determining whether testamentary gifts to several persons are gifts to them as a class rather than as individuals is to ascertain the intention of the testator, which, it is everywhere conceded, is controlling. The decisive inquiry is whether or not the testator, in making the particular gift in question, did so with `groupmindedness,' whether, in other words, he was looking to the body of persons in question as a whole or unit rather than to the individual members of the group as individuals; if the former, they take as a class. Any additional circumstances which may be seized upon, such as the general scheme of the will, the manner and form in which the beneficiaries are designated, the particular language used, or the relationship of the parties and the circumstances surrounding the testator, are to be regarded merely as *Page 268 
aids in ascertaining the testatorial intention." (p. 831, § 1259.)
"Where the testator refers to a group of beneficiaries by their names, there is a decided tendency to regard the gift as prima facie one to individuals rather than one to a class, although the persons designated may constitute a natural class." (p. 833, § 1261.)
It is generally held that the use of the words "to share and share alike" are demonstrative of an intention to bequeath an individual gift (57 Am. Jur. p. 836) and where the testator refers to a group of beneficiaries by their names, there is a decided tendency to regard the gift as prima facie one to individuals rather than one to a class (57 Am. Jur. p. 833).
In the case at bar no express provision was made for the eventuality of the failure of one of the beneficiaries to survive the testator. In re Coots' Estate, 253 Mich. 208, a similar situation existed. We there said:
"Testator intended the distribution as set out to be the last expression of his will, upon the hypothesis or hope that all the remaindermen would take personally, as no provision was made for the contingency of any of them failing to survive the wife and son. By failing to provide for such contingency, testator must be deemed to have intended that future eventualities which would change the plan as written should be taken care of by the law."
In considering the intention of the testator, we take into consideration the provisions of the will and the circumstances existing at the time the will was executed. At the time the will was drawn, testator had only two sisters living, Mrs. Hamilton and Mrs. Fitsimmons. The provision in the will named the sisters and clearly stated "each to share and share alike." It is our opinion that it was the intention *Page 269 
of the testator that the beneficiaries would take as tenants in common and not as a class.
The order of the trial court is affirmed, with costs to appellees.
REID, DETHMERS, BUTZEL, and CARR, JJ., concurred with SHARPE, C.J.
BUSHNELL, BOYLES, and NORTH, JJ., concurred in the result.