TERRELL, Justice.
March 23, 1948, Raymond E. Eltzeroth and his wife, Gertrude B. Eltzeroth, executed their joint will, Items 3 and 4 being as follows:
“Item 3. In the event of our death simultaneously, or upon the death of the survivor of us, we will, devise and bequeath all of our property and estate, of every kind and character and wheresoever situate, to the following persons, who are the children of said Gertrude B. Eltzeroth and the stepchildren of said Raymond E. Eltzeroth, to-wit:
“George C. Jarrett, now residing at No. 2413 Lincoln Street, Anderson, Indiana, and Charles W. Jarrett, now residing in Yorktown, Indiana, share and share alike, with the request that the same be used by them for the education of their children. In the event either said George C. Jarrett or said Charles W. Jarrett be not living at the time of our decease or the death of the survivor of us, then we will, devise and bequeath the portion of our estate hereby bequeathed to him to his children, share and share alike.
“Item 4. We hereby name, constitute and appoint said George C. Jarrett and Charles W. Jarrett, or the survivor thereof, executors of this our joint and mutual will, subject to the right of the survivor of us to be sole executor hereof upon the death of the other of us.”
The Eltzeroths and the two step-sons lived in Indiana at the time the will was executed and both step-sons had children. Raymond E. Eltzeroth died testate July 12, 1954, but between the time of the execution of the will and Raymond Eltzeroth’s death, Charles W. Jarrett and his children were killed in an accident. Roscoe G. Eltzeroth, appellee, is the brother and sole heir at law of Raymond E. Eltzeroth.
Appellant, George C. Jarrett, brought this suit to construe the will, the pertinent part of which is quoted in the forepart of this opinion. The Probate Judge found that the testator intended that the Jarrett brothers take as a class and that George C. Jarrett as survivor of the class took the entire estate. On appeal, the Circuit Court reversed the Probate Court, George C. Jarrett appealed.
The only point for determination is the correct interpretation of Item 3 of the will quoted herein.
Appellant contends that the correct interpretation of Item 3 of the joint will of Raymond E. and Gertrude B. Eltzeroth devises a gift to a class and that George C. Jarrett being the surviving member of the class is entitled to the entire estate. It is clear that the joint will devises the entire estate to the survivor in case of death of either of the testators so when Gertrude B. Eltzeroth died June 11, 1953, the entire estate passed to Raymond E. Eltzeroth who died November 23, 1954. Had the testators died simultaneously, it is clear that the estate would have descended to George C. and Charles W. Jarrett if living, share and share alike. The Circuit Court reasoned that since Charles W. Jarrett and his children died in the same accident during the life of Raymond E. Eltzeroth, the devise lapsed as to him and his share passed to his (Raymond’s) heirs under the statute of descents. No issue is presented or argued as to the effect, if any, of Uniform Simultaneous Death Law, Sec. 736.05(2).
The will under review did not take care of the contingency that actually arose, that is, who should take the share of either of the Jarretts should they, or either of them, die before the decease of the testator without children. Since Charles W. Jarrett died without children surviving him, the testator became intestate as to one-half interest devised to Charles W. Jarrett and *774 his children which passed to appellee at the death of Raymond E. Eltzeroth. We think that the chancellor correctly held that the Jarretts took as individuals and not as a class since the will as a whole shows that the bequests were not made to a class.
The American courts generally follow the rule that where a gift is made in a will to beneficiaries by name, the prima facie presumption is that the gift is not a gift to a class. Cross v. O’Cavanagh, 198 Miss. 137, 21 So.2d 473; Clark v. Case, 207 Miss. 163, 42 So.2d 109; Old Colony Trust Co. v. Treadwell, 312 Mass. 214, 43 N.E.2d 777; In re Hurd’s Estate, 303 Mich. 504, 6 N.W.2d 758; 3 Page on Wills (Lifetime Ed.), Secs. 1049 and 1075. Some- courts have held that the context may show that the names of the beneficiaries were added to the description of them as members of a class for the purpose of greater certainty. See cases cited in Note 4 of Sec. 1049 of 3. Page on Wills (Lifetime Ed.). There might be merit to applying such a rule in the instant case as the suggested use of the legacy to George C. and Charles W. Jarrett was that they utilize the legacy for educating the several grandchildren of Gertrude B. Eltzeroth, a purpose consistent with a class designation. However, the will also provided for the named beneficiaries to “share and share” alike.' Such provision that the beneficiaries shall “share and share” alike has been held to show, albeit a weak showing, that the gift is not one to a class. In re Brown’s Estate, 324 Mich. 264, 36 N.W.2d 912; Sec. 1050 of 3 Page on Wills (Lifetime Ed.) ; 57 Am.Jur., Wills, Sec. 1265; see also In re Boyle’s Estate 121 Colo. 599, 221 P.2d 357, 36 A.L.R.2d 1106; Shoenberg v. Lodenkemper’s Ex’r, 314 Ky. 105, 234 S.W.2d 501. Moreover, the will provided that if either of the named beneficiaries predeceased the testator, the deceased Jarrett’s share would go not to the surviving Jarrett, but to the children of the deceased Jarrett. Since death removed the children of Charles W. Jarrett, there were no survivors to take from them so that part of the bequest lapsed. Such a contingency was evidently not comtemplated by the testators and being so this court can do nothing more than apply the statute of descents.
It follows that the decree of the Circuit Court must be and is hereby affirmed.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.