157 So.2d 86 (1963)
MYRTLE MAGRUDER ET AL., APPELLANTS,
v.
CHES G. MAGRUDER, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CARRIE JOSIE MAGRUDER, DECEASED, ET AL., APPELLEES.
No. 3494.
District Court of Appeal of Florida, Second District.
October 25, 1963.
*87 Wallace E. Davis; Arthur G. Leonhardt, Jr., Orlando; and Greene, Ayres, Swigert & Cluster, Ocala, for appellants.
No appearance for appellees.
DURDEN, WILLIAM L., Associate Judge.
The testamentary dispositions considered and construed in this case are those of Carrie Josie Magruder. Her will is dated August 21, 1948. The testatrix died on November 30, 1953.
The parties to this litigation are all relatives of varying degrees. In order to set the stage for a determination of the issues involved in searching for the intent of the testatrix a little genealogical history seems appropriate. The facts recited are admitted by all parties to the litigation.
There is nothing in the record to indicate the marital status of the testatrix at the time of execution of the testamentary documents or at her death.
The testatrix had a sister, Mary Ann Telford, and a sister-in-law, Sallie Isora Magruder, each of whom were allotted a specific monthly income for life. Those bequests have each been fulfilled and are not material to the controverted issues.
The testatrix names four children in her will, to wit: Susie Magruder Bledsoe, Ches G. Magruder, Clarence C. Magruder, and Richard Scott Magruder, Sr. The marital status of and number of grandchildren born to Susie, Ches and Clarence is immaterial.
Richard, Sr. had been declared an incompetent prior to the execution of the testamentary documents and his competency was never restored during his lifetime. This son had a wife, Myrtle, and two children by that union  Richard Scott, Jr. and Patricia Ann. By a previous marriage Richard, Sr. had a daughter, Carolyn Jean Magruder Whitford, likewise an incompetent.
The grandchild of the testatrix, Richard, Jr., predeceased the testatrix, having died at the age of seven on July 4, 1953.
Richard, Sr. died intestate on December 27, 1959, leaving as his heirs at law his widow Myrtle; his daughter, Patricia Ann, a minor, and Carolyn Jean Whitford, an incompetent.
The three surviving children of the testatrix have been favored with a decree by the chancellor below holding that the testamentary disposition intended for Richard, Jr., consisting of a one-eighth part of the entire residuary trust estate, being one-half of that part of the trust designated as the share of Richard Scott Magruder, *88 lapsed under the provisions of Section 731.20, Florida Statutes 1961, F.S.A., and should be distributed equally to the three children and the grandchild, Patricia Ann.
That statute provides in part that "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses, unless an intention appears from the will to substitute another in his place * * *." Such statute further provides that "If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee, unless a contrary intent is expressed by the testator in his will."
The devisee, Richard, Jr. did die during the lifetime of the testator so a determination must be made as to whether "an intention appears from the will to substitute another in his place."
The will and codicil are intricate and prepared with apparent care. It is only through these documents that the testatrix speaks and the court must gather her intentions, if it can, from her last wishes expressed in legalistic and formal terms and phrases.
The testatrix made specific bequests of one thousand dollars to each of four of her grandchildren including, it should be noted, "Carolyn Jean Magruder, (daughter of my son, Richard Scott Magruder)" but excluding Richard, Jr. and Patricia Ann.
Next she created an educational trust for the benefit of Richard, Jr. and Patricia Ann. Each trust was for the specific amount of two thousand dollars. In the language creating these trusts the testatrix expressly provided for a substitutionary gift in the event that either or both of the beneficiaries should die before attaining the age of twenty-one years. The will provided that:
"If Richard Scott Magruder, Jr. should die before attaining the age of twenty-one (21) years, and there is any unexpended amount of his trust in existence, then I direct my Trustee to transfer such unexpended amount comprising his trust to the trust fund of Patricia Ann Magruder."
A similar provision controlled the education trust established for Patricia Ann. It was also provided that if both Richard, Jr. and Patricia Ann should die before reaching twenty-one the unexpended trust fund should become a part of the residuary trust.
Obviously, testatrix considered the possibility of death occurring to one of the children of Richard, Sr. and in this part of the will made specific provision for her wishes to control in the event of such contingency occurring.
The residuary clause created a trust from which certain life interest periodic payments were to be made after which the income was to "be divided into four (4) equal parts, and one (1) of such parts shall be paid to each of my three (3) children," to wit: Susie, Ches and Clarence; "but my trustee shall hold the remaining one-fourth (1/4) part for the benefit of my son, Richard Scott Magruder and his two younger children, Richard Scott Magruder, Jr. and Patricia Ann Magruder."
The trustee was given the power, if necessary, to invade the principal to see to it that Richard, Sr., Richard, Jr. and Patricia were properly supported. The intention to provide for the welfare of her incompetent son and his "two younger children" is apparent. The obvious exclusion of the incompetent's wife, Myrtle, and the incompetent's older and also incompetent daughter, Carolyn Jean, as objects of her bounty and concern of the testatrix should be observed.
The testatrix directed that the trust first created should terminate either upon the death of her sister and sister-in-law or at the latest, ten years after her own death, to be determined by the trustee. The will provided that "at the time of the termination of this trust, my trustee shall divide the trust property, both corpus and any undistributed income, in four (4) equal parts, one (1) such part being hereinafter referred to as the share of my daughter, Susie Magruder *89 Bledsoe, another as the share of my son, Ches G. Magruder, another as the share of my son, Clarence G. Magruder, and another as the share of my son, Richard Scott Magruder."
The will then provided for distribution of the first three shares "but the share of my son, Richard Scott Magruder, shall be held in trust for the benefit of Richard Scott Magruder, Richard Scott Magruder, Jr., and Patricia Ann Magruder."
The trustee then was given "power to convey the principal of this trust designated as the share of Richard Scott Magruder to said Richard Scott Magruder, at, or any time after, the distribution of the corpus of the residuary trust to" the other three children. The purpose of this provision is obvious  that should her incompetent son regain his senses he  like the other three, should receive his share without continuing imposition of the trust.
The will then ultimately provided that "at the death of Richard Scott Magruder, all undistributed income as well as the corpus or remainder thereof in such trust estate shall be divided equally between Richard Scott Magruder, Jr. and Patricia Ann Magruder" with a provision for continuing trusts for such children as should be under 21 at the time of the death of their father. There was no provision for a substitutionary gift in the event that either or both of these beneficiaries should die during the trust or before.
It should be repeated that Richard, Jr. predeceased the testatrix by about five months and that Richard, Sr. died about five years after the testatrix. The three children of the testatrix have not filed briefs but have, with apparent good grace, left the determination of the propriety of the Circuit Judge's ruling to this court's judgment.
This will did not create a class gift to the children of Richard, Sr. The gift is made to specified beneficiaries by name and not to a class. 35 Fla.Jur., Wills, Section 297; 57 Am.Jur., Wills, Section 1261 through 1263; In Re Eltzeroth's Estate, 83 So.2d 772 (Fla. 1955).
The first question raised by the appellants is whether or not Richard, Jr. was in fact "a devisee or legatee" since his ultimate inheritance, as opposed to his support, was contingent. Obviously, anyone who may benefit under a will is a devisee or legatee in the generic context of the words and the statute would apply.
Richard, Jr. died during the lifetime of the testatrix and this court, like the chancellor, is unable to find that "an intention appears from the will to substitute another in his place." If the testatrix had intended for the "share of Richard, Sr." to go to his surviving children she could have made a class gift or she could have provided for substitutionary gift between the children as she did with regard to the educational trusts. She did neither.
The last question raised by the appellants is contained in the contention that a lapsed portion of a residuary gift to an individual does not inure to the benefit of the other residuary beneficiaries but passes as intestate property under the law of descent and distribution.
In support of this proposition 35 Fla.Jur., Wills, Section 339, Page 103, is cited which states:
"If a residuary gift to a single beneficiary lapses or becomes ineffective, as where the residuary legatee dies before the testator, the testator will be held to have died intestate as to such property, and in most cases, under a residuary gift to several persons by name, or in common, a lapsed portion of the gift does not, in the absence of statute affecting the result, inure to the benefit of the other legatees or devisees, unless the testator's intention to that effect clearly appears. Thus, where a testator bequeaths his estate to two named persons, and they take as individuals, not as members of a class, and the share of *90 one lapses, that share passes as on intestacy."
It should be noted that this quotation is conditioned upon "the absence of statute affecting the result." We do have a statute and its application is most appropriately discussed in 9 Univ. of Fla. Law Review 369, as follows:
"A legislative amendment to the present statute to the effect that the surviving residuary legatees may share the lapsed portion in proportion to their existing shares would provide the most satisfactory solution of this problem. In the absence of legislation two alternatives are before the Florida Court. It may perpetuate the common law generosity to the heirs, as has been done in Colorado and the District of Columbia, or it may construe the statute as encompassing lapse both in and out of the residue and award a lapsed residuary portion to the surviving residuary legatees. A choice of the former alternative apparently would declare the Florida lapse statute to be devoid of significance and merely repetitive of existing statutory law. Whether the Court will be receptive to the latter alternative may depend on the strength of its belief that most men by making wills evince their intent to avoid intestacy. On numerous occasions the Florida Court has declared the testator's intent to be controlling even when confronted with a statute that dictates a result opposite to that apparently intended by the testator. The comparative equitable claims of the litigants whose case first comes before the Court may well determine the weight assigned to the testator's intent and thus indirectly determine the ultimate destination of a lapsed residuary portion."
The statute should apply to the lapsed portion of the residuary gift. Obviously, the testatrix did not intend to die intestate. She executed a fourteen page will and a four page codicil making intricate provisions for testamentary disposition of her worldly goods.
The final decree of the Chancellor is affirmed.
KANNER, Acting C.J., and SHANNON, J., concur.