PER CURIAM.
This is a will construction case.
A testatrix disposed of eight items of her real and personal property “to E. R. Davis Jr., Ralph Otis Davis, W. W. M. Davis, Louise Davis Yaeger and Frances Davis Talcott, who are the children of my late husband E. R. Davis. * * * ” Three of the named beneficiaries predeceased the testatrix.
Was this a testamentary disposition to individuals or was it to a class ?
If the recipients are construed as “individuals”, then under the facts of this case the gift would lapse, according to F.S.A. § 731.20, and become, by the operation of the law of descent and distribution, the property of the testatrix’ lineal descendants, who are the appellees.
If the recipients are construed as members of a “class”, then the surviving members of the class would be entitled to receive the interests of the deceased class members. Such survivors are the appellants here.
The trial court decreed that the disposition “constituted gifts to individuals, and not gifts to a class, and, therefore * * * lapse in accordance with the provisions of Sec. 731.20(1) Florida Statutes.”
Considering the rules of construction and the proper indicia whereby a testatrix’ intention is measured, and particularly the fact that the beneficiaries were referred to by name, we are altogether persuaded that *47 the proper construction was placed upon the will by the trial court. We, therefore, affirm by authority of Douglas v. Hardin, Fla.App.1960, 120 So.2d 190, and In re Eltzeroth’s Estate, Fla.1955, 83 So.2d 772. See also Magruder v. Magruder, Fla.App.1963, 157 So.2d 86; 35 Fla.Jur., Wills, § 297.
Affirmed.
WALDEN, C. J., ANDREWS, J., and McDonald, PARKER LEE, Associate Judge, concur.