SMITH, CULVER, Associate Judge.
This is an appeal from an order entered by the County Judge of Pinellas County on November 9, 1966. The facts are not in dispute.
H. Vivian Walker died testate. Article XII of her will reads as follows:
“All the rest, residue and remainder of my estate, I give, devise and bequeath equally to the Christian Science Church of which I am a member at the time of my death, and the organization known as CARE.”
The executors filed a petition for determination of beneficiaries reciting that they were unable to find any Christian Science Church of which she was a member at the time of her death, and that they were in doubt as to how to distribute the residuary proceeds.
The County Judge held that the bequest to the Christian Science Church failed. This holding is not attacked. He further held, however, that the share which failed remained as a part of the residue and passed in toto to the organization known as CARE under the authority of Section 731.20(2). The point raised by appellant is whether a lapsed portion of a residuum passes as intestate property under the law of descent and distribution, or passes by reason of Section 731.20(2) to the remaining residuary beneficiary. The Court below relied on the case of Magruder v. Magruder, Fla.App., 157 So.2d 86, which was decided by this Court on October 25, 1963. In Magruder it was held that Section 731.20(2) regarding lapsed or void legacies or devises should apply to lapsed portions of a residuary gift, and that no contrary intent was expressed by the testatrix in her will. In the instant case certainly no contrary intent appears.
Appellant attacks the holding of Magruder and asserts that it is contrary to the decision of the Supreme Court of Florida in the case of In Re Eltzeroth’s Estate, Fla. 1955, 83 So.2d 772. No mention of Section 731.20(2) is made in that case. Further, it appears to us that the testator expressed an intent contrary to the provisions of the statute. The will provided that all property of any kind should go to George C. Jarrett and Charles W. Jarrett. It further provided that in the event either was not living at the time of the testator’s death, his portion of the bequest should go to his children. We find the order of the Court below to be correct.
Affirmed.
ALLEN, Acting C. J., and SHANNON, J., concur.