WALDEN, Chief Judge.
This is a will construction case. The appeal is from an order entered in the County Judge’s Court which determined beneficiaries and directed distribution in an on March 28, 1966.
Alice B. Clark executed her Last Will and Testament in April of 1948. She died on March 28, 1966.
Paragraph Eighth of testatrix’ will was the residuary clause. It provided:
“EIGHTH: All the rest, residue and remainder of my estate, real, personal and mixed of whatsoever kind or nature and wheresoever situate I give, devise and bequeath unto Joanna Vermilye as Trustee, to hold the same in trust and hot otherwise, for the use and benefit of my said husband during his lifetime for so long as he remains unmarried. The said Trustee to collect the rents, income, interest and principal on the mortgages, and to convey, transfer or encumber said property when and if in her discretion it is necessary to provide for the necessities or benefit of my said husband and all money or other property not hereafter specifically designated to become the property of my brother M. M. Custer and be turned over to him immediately upon the death or remarriage of my husband.”
Both of the beneficiaries named in this clause predeceased testatrix. Her brother, M. M. Custer, left as his sole heir a son, Joseph D. Custer, who survived the testatrix.
The attorney for the estate filed a petition for determination of beneficiaries alleging that conflicting claims had been made upon the estate by the only two remaining *73 heirs. Joseph D. Custer claimed the entire residuary estate while Dorothy McClintock, a niece of testatrix, claimed one-half of the residuary estate. She based her claim on the assertion that the residuary devise had lapsed, and that therefore the residue passed as in intestacy.
The parties filed a stipulation of facts on the basis of which the county judge determined that the residuary gift to the testatrix’ brother had lapsed, and therefore as to the residuary estate decedent died intestate. The court ordered that the residue be distributed equally to the two remaining heirs of testatrix, half going to the Estate' of Joseph Custer, and half going to Dorothy McClintock. From this determination and order the executor of the estate of Joseph Custer appeals. We reverse.
Appellant’s primary contention is that F.S.1965, Section 731.20, F.S.A., applies to the residuary gift to M. M. Custer. That section provides:
“731.20 Lapsed or void legacies or devises. — (1) If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses unless an intention appears from the will to substitute another in his place; but, when any property is devised or bequeathed to an adopted child or blood kindred of the testator, and when such devisee or legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed, leaving lineal descendants who survive the testator, such legacy or devise does not lapse, but such descendants take the property so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.
“(2) If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will.”
Thus, subsection (1) provides for the lapse of certain legacies and devises. It also contains the anti-lapse provision under which appellant claims, which applies when the legacy or devise is to a blood relative who predeceases the testator, leaving lineal descendants who survive the testator. Subsection (2) merely provides that, if a legacy or devise should lapse, the property will pass to the residuary legatee.
Had the gift to M. M. Custer appeared in any clause other than the residuary clause, it would be unquestioned that the anti-lapse provision would apply. M. M. Custer was blood kindred to testatrix, and predeceased her leaving a lineal descendant, his son Joseph D. Custer, who survived testatrix.
We can see no reason to conclude that the anti-lapse provision of section 731.20 is rendered inapplicable simply because this was a residuary gift. It has been held in two instances that this section controls the disposition of a lapsed residuary gift. These decisions are pertinent to our present inquiry because they rejected any premise that Section 731.20 is peculiarly applicable to non-residuary gifts.
The court in Magruder v. Magruder, Fla.App.1963, 157 So.2d 86, considered “the contention that a lapsed portion of a residuary gift to an individual does not inure to the benefit of the other residuary beneficiaries but passes as intestate property under the law of descent and distribution.” This contention was rejected by the district court which concluded that Section 731.20 should apply to the lapsed portion of a residuary gift. This holding was recently followed in Estate of Walker, Fla. App.1967, 204 So.2d 44.
Additionally, although it was not expressly discussed, the court in Drafts v. Drafts, Fla.App.1959, 114 So.2d 473, tacitly found that the anti-lapse provision of Section 731.20 applied to gifts in the residuary clause.
Finally, upon review and consideration we reject as being without arguable merit the suggestion either that the language of the will was vague or that it manifested an intention for the residuary gift to lapse.
*74 In conclusion, we hold that the anti-lapse provision of Section 731.20 applies to residuary and non-residuary gifts alike. Therefore, we must reverse the order appealed and direct that the entire residue of the estate of Alice B. Clark go to the estate of Joseph D. Custer. The cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
McCAIN, J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.