GLICKSTEIN, Judge.
This is an appeal from an order determining that appellant was without standing to contest a charitable devise. We affirm.
On November 17, 1978, Leo J. Herman executed a will and a revocable living trust. His will provided that certain personal property would go to his wife if she survived him, and the rest, residue and remainder would go to his wife as trustee under the trust, to be held and administered as if it were part of the initial corpus of the trust. The will recited that no provision was made in either instrument for the decedent’s daughter, appellant herein.
The trust provided that upon the settlor’s death the trustee was to distribute from the corpus of the trust the sum of $25,000 and a gas station in New York to the settlor’s granddaughter. It further provided that if the settlor’s wife survived him, the trustee was to divide the balance of the corpus into two separate trusts, designated as Trust A and Trust B. Trust A was a marital deduction trust, and Trust B was the balance of the original trust corpus after deducting the $25,000, the gas station and the sum allocated to Trust A. During her lifetime, the decedent’s wife was to receive under Trust B an annuity equal to six percent of the trust’s assets. Upon her death the remaining corpus and income was to be distributed to the charitable organization Ha-dassah, The Women’s Zionist Organization of America, Inc.
The decedent died on February 2, 1979. Subsequently appellant timely filed a petition to void the charitable bequest made as to Trust B. She relied upon section 732.-803(1), Florida Statutes (1977),[1] which en *196 ables a lineal descendant or spouse of the decedent to have a charitable devise avoided when the will was executed less than six months before death. The trial court held that because appellant was not a specified person who would receive any interest in the devise if it was avoided, she had no standing to file the petition. It reasoned that whether section 732.604(1).[2] or (2),[3] Florida Statutes (1977) applied, appellant would receive nothing.
On appeal, the disinherited daughter argued in her briefs that she has standing because only Trust B is the residuary estate and, if it fails pursuant to section 732.803, its assets pass by way of intestacy, allowing her to share. On the other hand, appellees argued in their briefs that appellant has no standing because Trusts A and B constitute the residuary estate and, if Trust B fails, its assets pass to Trust A pursuant to section 732.604(2); in that event appellant would not share.
After oral argument we requested supplemental briefs because of our concern with (a) the apparent conflict between the definition of “devisee” in section 731.-201(9),[4] Florida Statutes (1977) and the term “residuary devisee” in section 732.-604(2), Florida Statutes (1977), and (b) the determination of what the residue was in this case and the effect of that determination. Having reviewed those responses and re-examined the definition of “beneficiary” in section 731.201(2), Florida Statutes (1977),[5] we have reached the following conclusions:
1. The residue is not Trusts A and B nor Trust B alone, but consists of all assets devised to the trustee pursuant to Article IV of the testator’s will. We reach that conclusion simply by reading the two dispositive clauses of the will.[6] The effect *197 of that determination is to make the applicability of section 732.604(2) the primary consideration in the case.
2. Appellant has no standing to attack the charitable devise because, were it avoided, she would receive no interest in it. To reach this conclusion we have engaged in what we believe to be logical statutory construction; namely, reading section 732.-604(2) in pari materia with section 731.-201(2), as it was intended by the legislature, and not literally with section 731.201(9), as such clearly was not the legislative intent. The net result is that section 732.604(2) applies and controls.
The term “devisees,” as used in section 732.604, plainly was not intended to refer to trustees as used in section 731.201(9), but to beneficiaries as used in section 731.201(2). We suggest at least four reasons for such conclusion. First, if there is only one trustee and several beneficiaries of the residuary devise, the conclusion that the “residuary devisee” was the trustee would always result in intestacy as to that part of the residue which failed for any reason. (This is because only section 732.604(2) deals with residuary devises that fail; and it expressly requires more than one residuary devisee before it applies.) Such result is contrary to the rule of construction in section 732.-6005, Florida Statutes (1977).[7] Second, assuming there were two trustees as “devi-sees” of the residue pursuant to section 731.201(9), they still would not be the “residuary devisees” under a will designating several beneficiaries of the residue. The trustees obviously do not have proportionate interests in the residue, whereas beneficiaries do, and section 732.604(2) expressly refers to the proportionate interests of the residuary devisees. Third, to conclude otherwise would wipe out a line of well-reasoned decisions interpreting the statutory predecessor to section 732.604(2)[8] as intending that failed residuary gifts inured to the benefit of the remaining residuary beneficiaries. In re Estate of Clark, 212 So.2d 72 (Fla. 4th DCA 1968); Magruder v. Magruder, 157 So.2d 86 (Fla. 2d DCA 1963). Fourth, and perhaps most important, section 732.6005(1), Florida Statutes (1977), stated:
The intention of the testator as expressed in his will controls the legal effect of his dispositions.
For whatever reason, it is plain the testator intended his daughter receive no part of his estate. Accordingly, we affirm the trial court’s decision for the reasons recited herein.
DOWNEY and ANSTEAD, JJ., concur.

. Section 732.803(1), Florida Statutes (1977), reads:
(1) If a testator dies leaving lineal descendants or a spouse and his will devises part or all of the testator’s estate:
te) To a benevolent, charitable, educational, literary, scientific, religious, or missionary institution, corporation, association, or purpose,
*196 (b) To this state, any other state or country, or a county, city, or town in this or any other state or country, or
(c) To a person in trust for any such purpose or beneficiary, whether or not the trust appears on the face of the instrument making the devise, the devise shall be avoided in its entirety if one or more of the lineal descendants or a spouse who would receive any interest in the devise, if avoided, files written notice to this effect in the administration proceeding within 4 months after the date letters are issued, unless:
(d) The will was duly executed at least 6 months before the testator’s death, or
(e) The testator made a valid charitable devise in substantially the same amount for the same purpose or to the same beneficiary, or to a person in trust for the same purpose or beneficiary, as was made in the last will or by a will or a series of wills duly executed immediately next to the last will, one of which was executed more than 6 months before the testator’s death.

. Section 732.604(1), Florida Statutes (1977), provides:
Except as provided in s. 732.603, if a devise other than a residuary devise fails for any reason, it becomes a part of the residue.

. Section 732.604(2), Florida Statutes (1977), provides:
Except as provided in s. 732.603, if the residue is devised to two or more persons and the share of one of the residuary devi-sees fails for any reason, his share passes to the other residuary devisee, or to the other residuary devisees in proportion to their interests in the residue.

. Section 731.201(9), Florida Statutes (1977), provides:
“Devisee” means a person designated in a will to receive a devise. In the case of a devise to an existing trust or trustee, or to a trustee of a trust described by will, the trust or trustee is the devisee. The beneficiaries of the trust are not devisees.

. Section 731.201(2), Florida Statutes (1977), provides:
“Beneficiary” means heir at law, in an intestate estate; devisee, in a testate estate; and the owner of a beneficial interest, in a trust. The term does not apply to an heir at law, devisee, or owner of a beneficial interest in a trust after his interest in the estate or trust has been satisfied.

. Articles III and IV of the will provide:
III
I give and bequeath all household furnishings, furniture, jewelry, silverware, books, automobiles, boats, wearing apparel and all other personal effects which may be owned by me at the time of my death, together with any insurance thereon and related thereto, to my beloved wife, BETTY J. HERMAN, if she survives me.
IV
All the rest, residue and remainder of my estate, real, personal or mixed, of whatever nature and wherever situate, including without limitation all property acquired by me *197 after the execution of this Will, all property over which I may have a power of appointment, all lapsed legacies and bequests, I give, devise and bequeath unto BETTY J. HERMAN, as Trustee, or her successor, under that certain Revocable Living Trust executed on the 17 day of November, 1978, and as subsequently may be amended, wherein the said LEO J. HERMAN is appointed as Trustee, to be held and administered by her pursuant to the terms of said Trust as though a part of the initial corpus thereof.
If said Revocable Living Trust referred to above is not in existence at the time of my death, then and in that event occurring, the terms and conditions of the Dispositive Provisions and Trust Powers of that Trust are hereby incorporated in this my Last Will and Testament and my Personal Representative shall dispose of the rest and residue of my estate as if such Trust were currently in effect.

. Section 732.6005(2), Florida Statutes (1977), provides:
Subject to the foregoing, a will is construed to pass all property which the testator owns at his death, including property acquired after the execution of the will.

. The predecessor, section 731.20(2), Florida Statutes (1973), provided:
If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will.