PER CURIAM.
The determinative issue in this appeal is whether the two appellants, Pura Maceda and Ellen Barba, as custodians and next friends of the two minor children of Esther Longo, deceased, and John Longo, her husband, had standing as interested parties to question the propriety of a settlement agreement which was entered into between John Duhig, as personal representative of the estate of Esther Longo and guardian of the property of the minor children, and Gladys Gerson and Don Cohen, holders of a mortgage encumbering the marital home of the Longos, and John Longo.
The trial court ruled that Mrs. Maceda, who was the maternal grandmother, and Mrs. Barba, the maternal great-aunt, did not have standing to contest the actions of the personal representative and property guardian. We agree and affirm.
While the grandmother and great-aunt who have custody of the minor children have an understandable interest in the mat *293 ter, this does not constitute them interested persons for the purpose of participating in this litigation. Ash v. Coconut Grove Bank, 448 So.2d 605, 607 (Fla. 3d DCA 1984); In Re Estate of Herman, 427 So.2d 195, 197 (Fla. 4th DCA 1982).
Therefore, the order appealed is affirmed.
Affirmed.